NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELADIO ALVAREZ-CRUZ, AKA Eladio Alvarez, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  16-70345 <br><br> Agency No. A205-600-637 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Eladio Alvarez-Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, including the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

Substantial evidence supports the agency's determination that Alvarez-Cruz failed to establish he would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

The BIA did not err in concluding that Alvarez-Cruz's wealth-based social group was not cognizable. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (in order to demonstrate membership in a particular social group, the applicant must establish that the group is "'(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Reyes v. Lynch*, 842 F.3d 1125, 1137-38 (9th

2

Cir. 2016) (proposed group was not cognizable because it lacked particularity and social distinction).

Thus, Alvarez-Cruz's asylum and withholding of removal claims fail.

We reject Alvarez-Cruz's contentions that the BIA erred by not analyzing his arguments as to relocation and the immutability of his social group, *see Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (agencies are not required to decide issues unnecessary to the results they reach), and we do not consider the merits of these issues because the BIA did not reach them, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).

As stated in the court's September 22, 2020 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**